IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

MIKAL C. WATTS,
DAVID WATTS,
WYNTER LEE,
GREGORY P. WARREN a/k/a GREG WARREN,
HECTOR ELOY GUERRA
THI HOUNG LE a/k/a KRISTY LE, and
THI HOANG NGUYEN a/k/a ABBIE NGUYEN

CRIMINAL NO. *1: 15 CI 65 LG-RHW*

18 USC 371
18 USC 1028(a)(7)
18 USC 1028A
18 USC 1341
18 USC 1343

*SOUTHERN DISTRICT OF MISSISSIPPI*
*FILED*
*SEP 15 2015*
*ARTHUR JOHNSTON  DEPUTY*
*BY*

**The Grand Jury charges:**

At all times relevant to this Indictment:

1. Defendant **MIKAL C. WATTS** was a licensed attorney in the State of Texas and was a principal partner in the law firm of Watts, Guerra, and Craft.

2. Defendant **DAVID WATTS**, a non-lawyer and brother of defendant **MIKAL C. WATTS**, was an employee of the Watts, Guerra, and Craft law firm and served as its Chief Operating Officer and Director of Mass Torts.

3. Defendant **WYNTER LEE**, a non-lawyer, was an employee of the Watts, Guerra, and Craft law firm and served as its Mass Torts Coordinator.

4. Defendant **GREGORY P. WARREN a/k/a GREG WARREN**, who lived in Lafayette, LA, was a principal owner of IP Development, LLC, in Lafayette, LA and K&G Consulting, LLC, in Pascagoula, MS.

5. Defendant **HECTOR ELOY GUERRA**, who lived in Weslaco, TX, was a principal owner of JEG Development, LLC.

6. Defendant **THI HOUNG LE a/k/a KRISTY LE**, was a principal owner of K&G Consulting, LLC, in Pascagoula, MS.

7. Defendant **THI HOANG NGUYEN a/k/a ABBIE NGUYEN**, was the sister-in law of defendant **THI HOUNG LE a/k/a KRISTY LE** and received compensation for obtaining names and personal identifiers of individuals who would be identified as clients of defendant **MIKAL C. WATTS**.

8. As a result of the fire, explosion, and release of oil from the Deepwater Horizon oil rig in the Gulf of Mexico on or about April 20/21, 2010 ("the Deep Water Horizon Oil Spill"), the National Pollution Fund Center ("NPFC") of the United States Coast Guard issued a letter of designation to BP Exploration and Production, Inc. ("BP") designating it as a Responsible Party under the Oil Pollution Act ("OPA") and advising BP of the requirements under OPA to advertise for and receive claims as a result of the Deepwater Horizon Oil Spill. On or about May 3, 2010, BP accepted this designation in writing, acknowledging its requirement to advertise for and receive claims related to the Deepwater Horizon Oil Spill.

9. The NPFC was notified subsequently that starting on August 23, 2010, the Gulf Coast Claims Facility ("GCCF") would begin receiving and processing all claims by individuals and businesses that had been impacted by the Deepwater Horizon Oil Spill.

10. In or about June 2010, BP established the GCCF for the purpose of administering, processing, and settling certain claims of individuals and businesses for costs, damages, and other losses occurred as a result of the Deepwater Horizon Oil Spill. The GCCF was administered by a funded administrator responsible for decisions relating to the administration, processing, and payment of claims by the GCCF. On or about August 23, 2010, the GCCF began receiving and processing such claims related to the Deepwater Horizon Oil Spill.

11. On August 6, 2010, BP established the Deepwater Horizon Oil Spill Trust, an irrevocable common law trust, to receive and to distribute funds that BP promised to provide for the payment of certain types of claims, costs, and expenses, including, but not limited to, those resolved by the GCCF.

12. To seek payment from the GCCF for damages incurred as a result of the Deepwater Horizon Oil Spill, an individual or business was required to complete a GCCF Claim Form. The individual or business may submit the form through the internet, by visiting the GCCF website, in person at a GCCF Claims Site Office, by fax, or by mail through the United States Postal Service or a private or commercial interstate carrier to the GCCF Claims Facility in Dublin, Ohio. As part of the claim application, the individual or business seeking payment for damages must elect to receive payment by wire transfer directly into the claimant's bank account (or account of their counsel) or by check.

13. On or about August 10, 2010, the United States Judicial Panel on Multi-district Litigation established MDL 2179 in the Eastern District of Louisiana concerning the

Deepwater Horizon Oil Spill, as a result of numerous lawsuits that were filed in federal courts throughout the southern part of the United States, including lawsuits by defendant **MIKAL C. WATTS**.

14. Attorney #1 was a licensed attorney in the State of Texas.  Attorney #1 paid defendant **MIKAL C. WATTS** approximately $3.1 million to "buy a piece" of **WATTS'** "seafood docket" in MDL 2179.

15. Attorney #2 was a licensed attorney in the State of Texas.  Attorney #2 paid defendant **MIKAL C. WATTS** approximately $7.8 million to "buy a piece" of **WATTS'** "seafood docket" in MDL 2179.  Attorney #2 received his "buy in" money from a businessman from Texas.

16. The purported clients that defendant **MIKAL C. WATTS** allegedly represented were claimed, by him, to live in the following states:  Washington, Virginia, Utah, California, Connecticut, Kansas, Massachusetts, Michigan, Pennsylvania, New York, North Carolina, Arkansas, Georgia, South Carolina, Tennessee, Texas, Louisiana, Alabama, Florida, and Mississippi.

17. Victim #1 was from New Orleans, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179.  Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #1 was a deckhand on a commercial fishing vessel when, in truth, Victim #1 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

18. Victim #2 was from New Orleans, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely

claimed to the Court and others that Victim #2 was a deckhand on a commercial fishing vessel when, in truth, Victim #2 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

19. Victim #3 was from Slidell, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #3 was a deckhand on a commercial fishing vessel when, in truth, Victim #3 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

20. Victim #4 was from Vancleave, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #4 was a deckhand on a commercial fishing vessel when, in truth, Victim #4 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

21. Victim #5 was from Terrytown, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #5 was a deckhand on a commercial fishing vessel when, in truth, Victim #5 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

22. Victim #6 was from Mobile, AL and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #6 was a deckhand on a commercial fishing vessel

when, in truth, Victim #6 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

23. Victim #7 was from Madison, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #7 was a deckhand on a commercial fishing vessel when, in truth, Victim #7 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

24. Victim #8 was from Vancleave, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #8 was a deckhand on a commercial fishing vessel when, in truth, Victim #8 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

25. Victim #9 was from Vancleave, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #9 was a deckhand on a commercial fishing vessel when, in truth, Victim #9 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

26. Victim #10 was from Jackson, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #10 was a deckhand on a commercial fishing vessel when, in truth, Victim #10 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

27. Victim #11 was from Irvington, AL and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #11 was a deckhand on a commercial fishing vessel when, in truth, Victim #11 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

28. Victim #12 was from St. Petersburg, FL and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #12 was a deckhand on a commercial fishing vessel when, in truth, Victim #12 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

29. Victim #13 was from Vancleave, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #13 was a deckhand on a commercial fishing vessel when, in truth, Victim #13 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

30. Victim #14 was from Gautier, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #14 was a deckhand on a commercial fishing vessel when, in truth, Victim #14 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

31. Victim #15 was from D'Iberville, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed

to the Court and others that Victim #15 was a deckhand on a commercial fishing vessel when, in truth, Victim #15 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

32. Victim #16 was from Bay St. Louis, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #16 was a deckhand on a commercial fishing vessel when, in truth, Victim #16 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

33. Victim #17 was from Ocean Springs, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #17 was a deckhand on a commercial fishing vessel when, in truth, Victim #17 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill and, in fact, Victim #17 had died in 2007.

34. Victim #18 was from Biloxi, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #18 was a deckhand on a commercial fishing vessel when, in truth, Victim #18 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

35. Victim #19 was from Ocean Springs, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #19 was a deckhand on a

commercial fishing vessel when, in truth, Victim #19 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

36. Victim #20 was from D'Iberville, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #20 was a deckhand on a commercial fishing vessel when, in truth, Victim #20 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

37. Victim #21 was from D'Iberville, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #21 was an owner of a commercial fishing vessel when, in truth, Victim #21 did not own a commercial fishing vessel or work in the seafood industry at the time of Deepwater Horizon oil spill.

38. Victim #22 was from Ocean Springs, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #22 was a deckhand on a commercial fishing vessel when, in truth, Victim #22 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

39. Victim #23 was from Shreveport, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #23 was a deckhand on a commercial fishing vessel when, in truth, Victim #23 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

40. Victim #24 was from Longview, TX and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #24 was a deckhand on a commercial fishing vessel when, in truth, Victim #24 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

41. Victim #25 was from Longview, TX and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #25 was a deckhand on a commercial fishing vessel when, in truth, Victim #25 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

42. Victim #26 was from Longview, TX and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #26 was a deckhand on a commercial fishing vessel when, in truth, Victim #26 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

43. Victim #27 was from Shreveport, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #27 was a deckhand on a commercial fishing vessel when, in truth, Victim #27 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

44. Victim #28 was from Shreveport, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed

to the Court and others that Victim #28 was a deckhand on a commercial fishing vessel when, in truth, Victim #28 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

45. Victim #29 was from Long Beach, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #29 was a deckhand on a commercial fishing vessel when, in truth, Victim #29 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

46. Victim #30 was from Long Beach, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #30 was a deckhand on a commercial fishing vessel when, in truth, Victim #30 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

47. Victim #31 was from Ocean Springs, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #31 was a deckhand on a commercial fishing vessel when, in truth, Victim #31 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

48. Victim #32 was from Shreveport, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #32 was a deckhand on a commercial fishing

vessel when, in truth, Victim #32 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

49. Victim #33 was from Shreveport, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #33 was a deckhand on a commercial fishing vessel when, in truth, Victim #33 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

50. Victim #34 was from Shreveport, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #34 was a deckhand on a commercial fishing vessel when, in truth, Victim #34 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

51. Victim #35 was from Shreveport, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #35 was a deckhand on a commercial fishing vessel when, in truth, Victim #35 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

52. Victim #36 was from Ocean Springs, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #36 was a deckhand on a commercial fishing vessel when, in truth, Victim #36 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

53. Victim #37 was from Hattiesburg, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #37 was a deckhand on a commercial fishing vessel when, in truth, Victim #37 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

54. Victim #38 was from Jackson, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #38 was a deckhand on a commercial fishing vessel when, in truth, Victim #38 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

55. Victim #39 was from D'Iberville, MS and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #39 was a deckhand on a commercial fishing vessel when, in truth, Victim #39 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

56. Victim #40 was from Houston, TX and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed to the Court and others that Victim #40 was a deckhand on a commercial fishing vessel when, in truth, Victim #40 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

57. Victim #41 was from Shreveport, LA and defendant **MIKAL C. WATTS** claimed to represent this person in MDL 2179. Defendant **MIKAL C. WATTS** falsely claimed

to the Court and others that Victim #41 was a deckhand on a commercial fishing vessel when, in truth, Victim #41 did not work on a commercial fishing vessel or in the seafood industry at the time of Deepwater Horizon oil spill.

58. BP Exploration & Production, Inc. and BP America Production Company were corporations organized under the laws of the State of Delaware, engaged in the business of oil and gas production, exploration, and/or development. Throughout this indictment these corporations will be referred to collectively as BP.

## COUNT 1

Paragraphs 1 through 57 from the "at all times relevant to this indictment" are hereby realleged, restated, and incorporated herein by reference.

That from on or about April 20, 2010, and continuing until the date of this Indictment, in Harrison County in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **MIKAL C. WATTS, DAVID WATTS, WYNTER LEE, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE, and THI HOANG NGUYEN a/k/a ABBIE NGUYEN** did knowing and willfully conspire with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States as follows:

Mail fraud in violation of Section 1341, Title 18, United States Code;

Wire fraud in violation of Section 1343, Title 18, United States Code;

Identity theft in violation of Section 1028(a)(7), Title 18, United States Code; and

Aggravated Identity Theft in violation of Section 1028A, Title 18, United States Code.

It was part of the conspiracy that the defendants, without contacting the individuals, would obtain names, addresses, dates of birth, and social security numbers of individuals from any source available to create "clients" for anticipated litigation as a result of the Deepwater Horizon Oil Spill.

It was a part of the conspiracy that the defendants would submit names of individuals, in excess of 40,000, as plaintiffs represented by defendant **MIKAL C. WATTS** in relation to the litigation relating to the Deepwater Horizon/BP oil spill which occurred on April 20, 2010 and ultimately MDL 2179, knowing that the individuals had not consented to be represented by the firm, and/or that stolen and false social security numbers, dates of birth, addresses, and occupations were claimed.

It was further part of the conspiracy that defendant **MIKAL C. WATTS** and others known to the Grand Jury would attempt to obtain payments from the GCCF for persons defendant **MIKAL C. WATTS** claimed to represent.

It was further part of the conspiracy that defendant **MIKAL C. WATTS** would pay defendants **GREGORY P. WARREN a/k/a GREG WARREN and THI HOUNG LE a/k/a KRISTY LE**, through an attorney in Jackson, MS, in excess of $10 million to obtain names and personal identifiers for persons to be used as clients in litigation against BP and others relating to the Deepwater Horizon Oil Spill.

It was further part of the conspiracy that the defendants would submit claims, by way of a "Presentment Form" claiming a specified amount of "Costs and Damage(s)" for each of the purported 40,000 plus people that defendant **MIKAL C. WATTS** claimed to represent.

It was the object of the conspiracy that the defendants engaged in and caused various acts, transactions, and deceptions which were designed, in whole or in part, to and which enabled them, to among other things, to personally enrich or attempt to enrich themselves.

In furtherance of the conspiracy and to carry out its objectives, the following overt acts, among others, were committed:

1.      After April 20, 2010, the defendants and others set about to sign up clients with claims relating to the oil spill, as set out more fully hereafter.

2.      On or about May 3, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $100,000.00 from Texas to an attorney in Jackson, MS.

3.      On or about May 4, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $98,973.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

4.      On or about May 7, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $125,000.00 from Texas to the attorney in Jackson, MS.

5.      On or about May 7, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $123,973.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

6.      In mid to late May, 2010, the exact date being unknown to the Grand Jury, an employee (CD) of defendant **GREGORY P. WARREN a/k/a GREG WARREN's** IP Development, LLC relocated to Harrison County, Mississippi to set up computer systems for K&G Consulting, LLC.

7.      On or about May 19, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $150,000.00 from Texas to the attorney in Jackson, MS.

8.      On or about May 20, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $148,988.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

9.      On or about May 24, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $500,000.00 from Texas to the attorney in Jackson, MS.

10.     On or about May 25, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $498,958.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

11.     Beginning on or about May 27, 2010 and continuing through November 4, 2010, an employee (CD) of IP Development, LLC, working in Gulfport, MS transfered names, Social Security Numbers, or dates of birth, via email, to defendant **DAVID WATTS** in San Antonio, TX.  Specifically, the emails contained the names, Social Security Numbers, or dates of birth for Victims #1-41.

12.     Beginning in May, 2010 and continuing through June, 2010, defendant **THI HOANG NGUYEN a/k/a ABBIE NGUYEN** handwrote, in whole or in part, to completion the Watts Guerra Craft "Coastal Spill Litigation Client Questionnaire" on Victims #14, 15, 16, 17, 18, 19, 20, 21, 22, and 36.  None of these victims provided any of their personal information and were unaware that their information was being used by the defendants in connection with any lawsuit, including MDL 2179.

Page **17** of **59**

13.     On or about May 31, 2010, defendant **GREGORY P.  WARREN a/k/a GREG WARREN**, through IP Development, LLC, purchased a 2011 BMW 328i and a 2010 BMW X3 SUV paying a total of $26,000.00 down on both vehicles.

14.     On or about June 1, 2010, defendant **GREGORY P.  WARREN a/k/a GREG WARREN** executed a two year lease agreement for a business office in Biloxi, MS for the physical operation and offices of K&G Consulting, LLC.

15.     On or about June 1, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $500,000.00 from Texas to the attorney in Jackson, MS.

16.     On or about June 2, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $1,841,250.00 from Texas to the attorney in Jackson, MS.

17.     On or about June 2, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $2,340,211.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

18.     On or about June 3, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN** caused a wire transfer of funds in the amount of $1,045,000.00 from the account of IP Development, LLC to the account of defendant **HECTOR ELOY GUERRA's** JEG Development, LLC.

19.     On or about June 10, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $680,000.00 from Texas to the attorney in Jackson, MS.

20.     On or about June 11, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $678,973.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

21.     On or about June 11, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN** caused a wire transfer of funds in the amount of $100,000.00 from the account of IP Development, LLC to the account of defendant **HECTOR ELOY GUERRA's** JEG Development, LLC.

22.     On or about June 14, 2010, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients.  A substantial number of the items mailed were returned to the law firm as undeliverable.

23.     On or about June 22, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $820,000.00 from Texas to the attorney in Jackson, MS.

24.     On or about June 24, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $818,973.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

25.     On or about June 25, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN** caused a wire transfer of funds in the amount of $245,000.00 from the account of IP Development, LLC to the account of defendant **HECTOR ELOY GUERRA's** JEG Development, LLC.

26.     On or about June 25, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $750,000.00 from Texas to the attorney in Jackson, MS.

27.     On or about June 28, 2010, defendants **THI HOUNG LE a/k/a KRISTY LE, and THI HOANG NGUYEN a/k/a ABBIE NGUYEN,** listed as signatories, opened a bank account in the name of K&G Consulting, LLC.

28.     From on or about June 28, 2010 and continuing until on or about August 27, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN,** through IP Development, LLC, caused electronic fund transfers to be made to the account of K&G Consulting, LLC, controlled by **THI HOUNG LE a/k/a KRISTY LE, and THI HOANG NGUYEN a/k/a ABBIE NGUYEN,** in the amount of $1,620,000.00.

29.     On or about June 30, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $748,973.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

30.     On or about July 1, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN** caused a wire transfer of funds in the amount of $284,000.00 from the account of IP Development, LLC to the account of defendant **HECTOR ELOY GUERRA's** JEG Development, LLC.

31.     On or about July 13, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $750,000.00 from Texas to the attorney in Jackson, MS.

32.     On or about July 14, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $748,973.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

33.     On or about July 15, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN** caused a wire transfer of funds in the amount $214,000.00 from the account of IP Development, LLC to the account of defendant **HECTOR ELOY GUERRA's** JEG Development, LLC.

34.     On or about July 20, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $1,250,000.00 from Texas to the attorney in Jackson, MS.

35.     On or about July 21, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $1,248,976.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

36.     On or about July 22, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN** caused a wire transfer of funds in the amount of $450,000.00 from the account of IP Development, LLC to the account of defendant **HECTOR ELOY GUERRA's** JEG Development, LLC.

37.     On or about August 4, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $1,250,000.00 from Texas to the attorney in Jackson, MS.

38.     On or about August 5, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $1,248,976.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

39.     On or about August 6, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN** caused a wire transfer of funds in the amount of $470,000.00 from the account of IP Development, LLC to the account of defendant **HECTOR ELOY GUERRA's** JEG Development, LLC.

40.     On or about August 13, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $1,230,000.00 from Texas to the attorney in Jackson, MS.

41.     On or about August 20, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $1,227,979.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

42.     On or about August 24, 2010, defendant **DAVID WATTS** sent an email with the subject line "Corrected Data" to defendants **MIKAL C. WATTS, HECTOR ELOY GUERRA**, and an employee of IP Development, LLC stating "So far you have sent me 2510 records of updated SSN's.  Of this, 2477 DOB's are changing.  **This does not pass the smell test**????????????"

43.     On or about August 25, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN** caused a wire transfer of funds in the amount of $470,000.00 from the account of IP Development, LLC to the account of defendant **HECTOR ELOY GUERRA's** JEG Development, LLC.

44.     On or about August 26, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN** caused a wire transfer of funds in the amount of $100,000.00 from the account of IP Development, LLC to the account of defendant **HECTOR ELOY GUERRA's** JEG Development, LLC.

45.     On or about August 27, 2010, defendant **MIKAL C. WATTS**, in MDL 2179, filed an application for membership to the Plaintiff's Steering Committee (PSC) stating "I have previously filed multiple civil actions in this litigation and currently represent over 40,000 plaintiffs."  As a member of the PSC, **WATTS** would be eligible for a substantial amount of money over and above any money he might make on attorney fees.

46.     On or about September 23, 2010, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients.  A substantial number of the items mailed were returned to the law firm as undeliverable.

47.     On October 8, 2010, the court appointed fifteen (15) attorneys to form a Plaintiff's Steering Committee for litigating MDL 2179.  Among these attorneys was defendant **MIKAL C. WATTS.**

48.     On or about October 11, 2010, defendant **DAVID WATTS** sent an email with the subject line "BP Deceased Clients" to defendants **HECTOR ELOY GUERRA and THI HOUNG LE a/k/a  KRISTY LE** stating "I have noticed that in the corrected data that 5 clients where listed as deceased.  Please confirm the attached list, let me know if there are any others and we will need the Date of Death."

49.     On or about November 4, 2010, defendant **DAVID WATTS**, transferred, without lawful authority, the names, or Social Security Numbers, or dates of birth for Victim #1-41 to defendant **HECTOR ELOY GUERRA** and another person via email.

50.     On or about November 8, 2010, the presiding judge in MDL 2179 entered Pretrial Order No. 16 specifically ordering the parties to "retain the original hard-copy and ESI documents." At various times during the existence of the conspiracy, defendants **DAVID WATTS and WYNTER LEE** instructed employees of the Watts, Guerra and Craft law firm to shred and destroy all returned mail in violation of the court order for retention of all documents dated November 8, 2010. Moreover, defendant **MIKAL C. WATTS** did not retain original documents relating to MDL 2179, including, but not limited to, client questionnaires and client employment contracts.

51.     On or about November 9, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $500,000.00 from Texas to the attorney in Jackson, MS.

52.     On or about November 10, 2010, KF, from the GCCF, sent an email with the subject line of "Attached Letter" to defendant **MIKAL C. WATTS**. The attached letter from KF stated, in part, "I need confirmation and authorization from each of your clients that you are, in fact, duly retained to act as their attorney...We have received notification from claimants, and from the Department of Justice Hotline, concerning complaints of unauthorized use of their social security numbers."

53.     On or about November 15, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $498,988.00 to the bank account of defendant **GREGORY P. WARREN a/k/a GREG WARREN** at IP Development, LLC.

54.     On or about November 18, 2010, defendant **WYNTER LEE** caused two DVDs containing "Plaintiff Fact Sheets" containing personal identifiers pertaining to approximately 22,533 plaintiffs to be sent via UPS to a law firm in Chicago, IL.

55.     On or about November 18, 2010, defendant **WYNTER LEE** submitted a "Plaintiff Fact Sheet" to a law firm in Chicago, IL in the name of "Lucy Lu" and claiming "Lucy Lu" was deckhand on a commercial seafood vessel. "Lucy Lu" was a dog.

56.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #1.

57.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #2.

58.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #3.

59.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #4.

60.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #5.

61.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the Social Security Number of Victim #6.

62.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #8.

63.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #9.

64.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #11.

65.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #12.

66.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #14.

67.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #15.

68.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #16.

69.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #17.  Victim #17 died January 13, 2007.

70.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #18.

71.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #19.

72.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #20.

73.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #21.

74.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #22.

75.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #23.

76.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #27.

77.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #28.

78.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #32.

79.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #33.

80.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #34.

81.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #35.

82.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #36.

83.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #37.

84.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the Social Security Number of Victim #38.

85.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name of Victim #40.

86.     On or about November 18, 2010, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #41.

87.     On or about November 18, 2010, defendant **WYNTER LEE** submitted "Plaintiff Fact Sheets" to a law firm in Chicago, IL for five (5) purported clients of defendant **MIKAL C. WATTS** who died prior to the Deepwater Horizon Oil Spill.  Those five (5)

individuals were the same persons that had been identified by defendant **DAVID WATTS** as being deceased on or about October 11, 2010 in Overt Act 48.

88.      On or about December 3, 2010, defendant **MIKAL C. WATTS** caused a wire transfer of funds in the amount of $250,000.00 from Texas to the attorney in Jackson, MS.

89.      On or about December 6, 2010, the attorney in Jackson, MS caused a wire transfer of funds in the amount of $748,973.00 to the bank account of defendant **GREGORY P.  WARREN a/k/a GREG WARREN** at IP Development, LLC.

90.      On December 13, 2010, defendant **DAVID WATTS** sent, via email to a law firm in Chicago, IL, an Excel spreadsheet containing 22,533 clients using the format provided by that law firm.

91.      On or about December 29, 2010, Attorney #1 sent an email with the subject line of "ALL:BP (PLAN 2011)" to defendants **MIKAL C. WATTS, DAVID WATTS, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA,** and Attorney #2 stating in part "We don't have 41K 'clients'; we have a list of 41K names whom we hope KL et al can convert into 'clients' over time."

92.      On or about December 31, 2010, defendant **GREGORY P. WARREN a/k/a GREG WARREN,** through IP Development, LLC, purchased a 2011 Audi Q7 SUV for $69,211.52.00.

93.     On or about January 6, 2011, defendant **DAVID WATTS** sent an email with the subject line of "DW:BP (DATABASE)" to defendants **MIKAL C. WATTS, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE,** and Attorneys #1 and 2 stating, in part, "I do not trust any of the SSN or DOB info.  There was a problem with Greg & Eloy's DB and process.  Lots of duplicates."

94.     On or about January 6, 2011, defendant **WYNTER LEE** caused two DVDs containing lists and data pertaining to approximately 17,469 plaintiffs to be sent via UPS to a law firm in Chicago, IL.

95.     On or about January 6, 2011, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #13.

96.     On or about January 6, 2011, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #24.

97.     On or about January 6, 2011, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #25.

98.     On or about January 6, 2011, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #26.

99.     On or about January 6, 2011, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #29.

100.     On or about January 6, 2011, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #30.

**Page 30 of 59**

101.    On or about January 6, 2011, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #31.

102.    On or about January 6, 2011, defendant **WYNTER LEE** transferred, without lawful authority, the name and Social Security Number of Victim #39.

103.    On or about January 10, 2011, defendant **WYNTER LEE** sent, via email, to a law firm in Chicago, IL an Excel spreadsheet containing the names and personal identifiers of 17,469 purported clients of defendant **MIKAL C. WATTS** using the format provided by that law firm.

104.    On or about January 21, 2011, Attorney #2 sent an email with the subject line of "no subject" to defendant **MIKAL C. WATTS** and Attorney #1 stating, in part, "Clearly the 40k clients are ghosts in the wind.  No amount of $$ will bring them back and time is a enemy."

105.    On or about January 21, 2011, Attorney #2 sent an email with the subject line of "no subject" to defendant **MIKAL C. WATTS** and Attorney #1 stating, in part, "Mikal, you know I say this with love in my heart so hear me on this, this is either a super secret plan for a billion dollar success that I just don't see, even when I try to read between the lines of JC's emails, or, if I just read what is written in JC's emails, and add my own gut feeling, it is a 'king has no clothes' cluster fuck that needs to be dealt with, openly, quickly and effectively."

106.     On or about January 23, 2011, Attorney #1 sends an email with the subject line of "ALL:BP (PLAN C)" to defendant **MIKAL C. WATTS** and Attorney #2 stating, in part, "We have (1) bad tele #, (2) bad street addresses, (3) a % of "names from a phone book" (% TBD), (4) a % of duplicate fee Ks (% TBD), (5) a % of Ps who claim they were "duped" into signing WGC's fee K and (6) Ps who are at sea, in Vietnam or otherwise unavailable."

107.     On or about January 31, 2011, IP Development, LLC, purchased another 2011 Audi Q7 SUV for $64,933.99.  Defendant **GREGORY P. WARREN a/k/a GREG WARREN** signed the check for payment of this vehicle on April 18, 2011.

108.     On or about March 8, 2011 defendant **WYNTER LEE** sent an email in reference to a purported client in MDL 2179 to an employee of WGC and a group email within WGC stating, in part, "Based on a phone conversation with the rep, DOD is 5 years before. There is no confusion anymore of to whether or not client is deceased.  Rather than just send the dismiss immediately, we wanted to allow time as we have done with all of our other cases…There is not a sense of urgency on this one that calls for needing the Dismiss Immediately Letter."

109.     On or about March 8, 2011, defendant **MIKAL C. WATTS** forwarded the email from defendant **WYNTER LEE** (Overt Act 108) to defendant **HECTOR ELOY GUERRA** and Attorneys #1 and 2 stating "Another fine example of the shit we paid for; dead 5 years ago."  Thereafter, Attorney #1 replied to all stating "**Mikal, Fraud.**"

110.    During March and April 2011, defendants **MIKAL C. WATTS, DAVID WATTS, and WYNTER LEE** caused over 40,000 Direct Filing Short Forms to be filed in MDL 2179 which falsely claimed that the individuals were represented by defendant **MIKAL C. WATTS** and that they were properly within the class of seafood claimants entitled to compensation.

111.    On or about April 18, 2011, defendant **MIKAL C. WATTS** sent an email with the subject line of "Fwd: NYT article" to defendant **HECTOR ELOY GUERRA** and Attorneys #1 and 2 stating "Damn. This is really starting to suck."

112.    On or about April 19, 2011, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients. A substantial number of the items mailed were returned to the law firm as undeliverable.

113.    On or about July 14, 2011, defendant **WYNTER LEE** caused one DVD containing lists and data pertaining to approximately 2,596 plaintiffs to be sent, by UPS, to a law firm in Chicago, IL.

114.    On July 14, 2011, an employee of Watts, Guerra and Craft, forwarded via email to a law firm in Chicago, IL an Excel spreadsheet containing 2,596 clients using the format provided by that law firm.

Page 33 of 59

115.    On or about July 29, 2011, defendant **MIKAL C. WATTS** caused a response to

be mailed to the Louisiana Attorneys Disciplinary Board (LADB) falsely claiming that certain

letters sent to Louisiana residents were "status letters" sent only to current clients of defendant

**MIKAL C. WATTS** which clients had completed "written, signed engagement agreements"

and whose names had been submitted to the court as clients in MDL 2179.

116.    On September 2, 2011, defendant **MIKAL C. WATTS** caused a response to be

filed with LADB falsely claiming that the client referrals of two individuals had been made by

an attorney in Jackson, MS, when in fact, these referrals and others had been obtained from

non-lawyers/defendants **GREGORY P. WARREN a/k/a GREG WARREN, HECTOR**

**ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE, THI HOANG NGUYEN a/k/a**

**ABBIE NGUYEN** and others.   This response also contained false documents purportedly

signed by the clients.

117.    On or about September 12, 2011, the presiding judge over MDL 2179

established the creation of a database for all claimants/plaintiffs associated with MDL 2179.

This database was to be maintained by a third party and the various plaintiffs' counsel,

including defendant **MIKAL C. WATTS**, was required to submit certain information

regarding their clients for inclusion in to this database.

118.    On October 5, 2011, the presiding judge in MDL 2179 re-appointed defendant

**MIKAL C. WATTS** to the Plaintiffs' Steering Committee.

119.    On or about March 2, 2012, defendant **MIKAL C. WATTS** sent an email with the subject line of "BP Settlement" to defendant **DAVID WATTS**, Attorneys #1 and 2, and the Texas businessman stating, among other things, "We settled with BP tonight…fund administered solely through the PSC…5. Most importantly, for us – for all **the so-called seafood claims** – there is a special limited fund of $2.3 billion to cover all the claims. Importantly, BP pays the $2.3 whether the proof supports it or not. **It does not**…we negotiated a fund of $2.3 billion…Hope this makes everyone feel better about our eggshell plaintiff docket. To quote Monte Python, 'it's merely a flesh wound; I'm not dead yet!' Mikal"

120.    On or about May 3, 2012, BP filed in the record of MDL 2179 the "Economic and Property Damages Settlement Agreement as Amended on May 2, 2012, and as preliminarily approved by the Court on May 2, 2012." As a part of this "settlement agreement" a fund was created and named "Seafood Compensation Program"

121.    In reliance upon the false representations made by defendant **MIKAL C. WATTS**, BP agreed to an amount of $2.3 billion to fund the "Seafood Compensation Program". The false representations about the number of allegedly valid claimants represented by defendant **MIKAL C. WATTS** in the "Seafood Compensation Program" fraudulently increased the settlement amount and inflated the amount of compensation the valid members of the seafood class were entitled to receive.

122. On or about June 20, 2012, Attorney #1 sent an email with the subject line of "MW:BP (LA BAR)" to defendants **MIKAL C. WATTS, DAVID WATTS**, and Attorney #2 stating "Mikal, NOLA PI [RW] has met with both of them; BR has met w/NN; and, I have spoken (over the phone) w/HC. But as I understand it, neither P claims to recall engaging WGC; and neither P claims to have worked in the seafood industry at the time of the Spill. 'Yes,' I would deploy the Anders' team; today. We need thoughtful, authenticate affidavits; this wk. To mitigate the risk of a grass fire. Danger, danger."

123. On or about July 30, 2012, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients. A substantial number of the items mailed were returned to the law firm as undeliverable.

124. On September 10, 2012, the presiding judge in MDL 2179 re-appointed defendant **MIKAL C. WATTS** to the Plaintiffs' Steering Committee.

125. On or about October 10, 2012, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients. A substantial number of the items mailed were returned to the law firm as undeliverable.

126. On or about November 1, 2012, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients. A substantial number of the items mailed were returned to the law firm as undeliverable.

127. On or about December 10, 2012, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients. A substantial number of the items mailed were returned to the law firm as undeliverable.

128.    On or about December 21, 2012, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients.  A substantial number of the items mailed were returned to the law firm as undeliverable.

129.    On or about December 28, 2012, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients.  A substantial number of the items mailed were returned to the law firm as undeliverable.

130.    On or about January 3, 2013, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients.  A substantial number of the items mailed were returned to the law firm as undeliverable.

131.    On or about January 7, 2013, defendant **MIKAL C. WATTS** caused a mailing to be sent to all of his purported clients.  A substantial number of the items mailed were returned to the law firm as undeliverable.

132.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted 44,004 "Presentment Forms" to BP claiming "Costs and Damages" for each of the 44,004 purported clients he claimed to represent.  The amount of claims submitted to BP for the 44,000 plus purported clients totaled approximately $2,010,538,000.00.

133.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of "Lucy Lu" and claiming "Lucy Lu" was a deckhand on a commercial  seafood vessel.  "Lucy Lu" was a dog.

134.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #1 and used, without lawful authority, Victim #1's name.

135.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #2 and used, without lawful authority, Victim #2's name, Social Security Number, and date of birth.

136.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #3 and used, without lawful authority, Victim #3's name.

137.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #4 and used, without lawful authority, Victim #4's name.

138.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #5 and used, without lawful authority, Victim #5's name and Social Security Number.

139.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #6 and used, without lawful authority, Victim #6's name and Social Security Number.

140.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #8 and used, without lawful authority, Victim #8's name.

141.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #9 and used, without lawful authority, Victim #9's name.

142.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #11 and used, without lawful authority, Victim #11's name and Social Security Number.

143.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #13 and used, without lawful authority, Victim #13's name, Social Security Number, and date of birth.

144.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #14 and used, without lawful authority, Victim #14's name and Social Security Number.

145.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #15 and used, without lawful authority, Victim #15's name and Social Security Number.

146.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #16 and used, without lawful authority, Victim #16's name.

147.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #17 and used, without lawful authority, Victim #17's name and Social Security Number.  Victim #17 died on January 13, 2007.

148.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted two different "Presentment Forms" to BP claiming "Costs and Damages."   On one of the forms the amount claimed was $45,930.00 in the name of Victim #18 and used, without lawful authority, Victim #18's name.

149.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #19 and used, without lawful authority, Victim #19's name.

150.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #20 and used, without lawful authority, Victim #20's name.

151.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $83,590.00 in the name of Victim #21 and used, without lawful authority, Victim #21's name.

152.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #22 and used, without lawful authority, Victim #22's name, Social Security Number, and date of birth.

153.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #23 and used, without lawful authority, Victim #23's name and Social Security Number.

154.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #24 and used, without lawful authority, Victim #24's name, Social Security Number, and date of birth.

155.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #25 and used, without lawful authority, Victim #25's name and Social Security Number.

156.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #26 and used, without lawful authority, Victim #26's name, Social Security Number, and date of birth.

157.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #27 and used, without lawful authority, Victim #27's name and Social Security Number.

158.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #28 and used, without lawful authority, Victim #28's name.

159.     On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #29 and used, without lawful authority, Victim #29's name, Social Security Number, and date of birth.

160.     On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #30 and used, without lawful authority, Victim #30's name, Social Security Number, and date of birth.

161.     On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #31 and used, without lawful authority, Victim #31's name, Social Security Number, and date of birth.

162.     On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #32 and used, without lawful authority, Victim #32's name, Social Security Number, and date of birth.

163.     On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #33 and used, without lawful authority, Victim #33's name and Social Security Number.

164.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #34 and used, without lawful authority, Victim #34's name and Social Security Number.

165.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #35 and used, without lawful authority, Victim #35's name, Social Security Number, and date of birth.

166.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #36 and used, without lawful authority, Victim #36's name and Social Security Number.

167.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #37 and used, without lawful authority, Victim #37's name and Social Security Number.

168.    On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #38 and used, without lawful authority, Victim #38's Social Security Number.

169.   On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #39 and used, without lawful authority, Victim #39's name, Social Security Number, and date of birth.

170.   On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #40 and used, without lawful authority, Victim #40's name.

171.   On or about January 16, 2013, defendant **MIKAL C. WATTS** submitted or caused to be submitted a "Presentment Form" to BP claiming "Costs and Damages" in the amount of $45,930.00 in the name of Victim #41 and used, without lawful authority, Victim #41's name and Social Security Number.

172.   On or about January 16, 2013, of the 44,004 "Presentment Forms" in Overt Act 132, defendant **MIKAL C. WATTS** submitted "Presentment Forms" to BP claiming a total of $183,720.00 in "Costs and Damages" on behalf of four (4) purported clients who died prior to the Deepwater Horizon Oil Spill.  Those four (4) individuals were the same persons that had been identified by defendant **DAVID WATTS** as deceased on or about October 11, 2010 in Overt Act 48.

173.    As a result of the settlement in MDL 2179, referenced in Overt Act 120, and the resulting process of submitting the plaintiffs to the Court Supervised Settlement Program for payment of damages from the Seafood Compensation Fund, defendants **MIKAL C. WATTS, DAVID WATTS and WYNTER LEE** submitted, or caused to be submitted, in the Seafood Compensation Program, only 786 clients from the 41,000 plus clients that defendant **MIKAL C. WATTS** had claimed to represent in MDL 2179.  Of the 786 submitted, only 4 were found to be eligible for payments.

All in violation of Section 371, Title 18, United States Code.

### COUNTS 2 – 16

1. Paragraphs 1 through 57 from the "at all times relevant to this indictment" are hereby realleged, restated, and incorporated herein by reference.

2. Beginning in or about April 20, 2010 and continuing to on or about the date of this Indictment, in Jackson County in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **MIKAL C. WATTS, DAVID WATTS, WYNTER LEE, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE, and THI HOANG NGUYEN a/k/a ABBIE NGUYEN,** intentionally devised and carried out, and attempted to devise and carry out, a scheme to defraud Victims 1 through 41, the Gulf Coast Claims Facility (GCCF), BP, and others to obtain money and property by means of materially false and fraudulent representations, pretenses and promises, and in furtherance thereof, did use and cause to be used the U.S. Mails for the purpose of executing the scheme and attempting to do so.

3.  To accomplish their fraudulent purposes, defendants **MIKAL C. WATTS, DAVID WATTS, WYNTER LEE, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE, and THI HOAUG NGUYEN a/k/a ABBEY NGUYEN,** engaged in and caused various acts, transactions, concealments, and deceptions which were designed to and which enabled defendant **MIKAL C. WATTS** to, among other things, gain admission on the Plaintiffs' Steering Committee in MDL 2179 and corruptly inflate the settlement amount with BP in an attempt to enrich himself and others.

4.  It was part of the scheme and artifice to defraud that the defendants, without contacting the individuals, would obtain names, addresses, telephone numbers, dates of birth, and social security numbers of individuals from any source available to create "clients" for anticipated litigation as a result of the Deepwater Horizon Oil Spill.

5.  It was a part of the scheme and artifice to defraud that the defendants would submit names of individuals, in excess of 40,000, as claimants or plaintiffs represented by the Watts, Guerra and Craft law firm in San Antonio, Texas, hereafter WGC, and defendant **MIKAL C. WATTS** in relation to the litigation relating to the Deepwater Horizon/BP oil spill which occurred on April 20, 2010, knowing that the individuals had not consented to be represented by the firm, and/or that stolen and false social security numbers, dates of birth, addresses, and occupations were claimed.

6.  It was further part of the scheme and artifice to defraud that defendant **MIKAL C. WATTS** would pay defendants **GREGORY P. WARREN a/k/a GREG WARREN and THI HOUNG LE a/k/a KRISTY LE,** through an attorney in Jackson, MS, in excess of $10 million to obtain names and personal identifiers for persons to be used as clients in litigation against BP

and others relating to the Deepwater Horizon Oil Spill.

7.  It was further part of the scheme and artifice to defraud that the defendants would submit claims, by way of a "Presentment Form" claiming a specified amount of "Costs and Damage(s)" for each of the purported 40,000 plus people that defendant **MIKAL C. WATTS** claimed to represent.

8.  On or about the dates set forth below, within the Southern District of Mississippi, and elsewhere, defendants **MIKAL C. WATTS, DAVID WATTS, WYNTER LEE, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE, and THI HOANG NGUYEN a/k/a ABBIE NGUYEN,** for the purpose of carrying out this scheme to defraud and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, certain items, each item constituting a separate count herein as follows:

| COUNT | DATE | ITEM MAILED | TO/FROM |
|---|---|---|---|
| 2 | July 30, 2012 | Letter from defendant **MIKAL C. WATTS** | SL in Ocean Springs, MS from TX |
| 3 | July 30, 2012 | Letter from defendant **MIKAL C. WATTS** | SL in Ocean Springs, MS from TX |
| 4 | July 30, 2012 | Letter from defendant **MIKAL C. WATTS** | SL in Ocean Springs, MS from TX |
| 5 | July 30, 2012 | Letter from defendant **MIKAL C. WATTS** | AN in Biloxi, MS from TX |
| 6 | October 10, 2012 | Letter from defendant **MIKAL C. WATTS** | SL in Ocean Springs, MS from TX |
| 7 | December 10, 2012 | Letter from defendant **MIKAL C. WATTS** | TT in Ocean Springs, MS from TX |

| COUNT | DATE | ITEM MAILED | TO/FROM |
|---|---|---|---|
| 8 | December 10, 2012 | Letter from defendant **MIKAL C. WATTS** | TT in Ocean Springs, MS from TX |
| 9 | December 10, 2012 | Letter from defendant **MIKAL C. WATTS** | TN in Ocean Springs, MS from TX |
| 10 | December 28, 2012 | Letter from defendant **MIKAL C. WATTS** | TL in Ocean Springs, MS from TX |
| 11 | December 28, 2012 | Letter from defendant **MIKAL C. WATTS** | SL in Ocean Springs, MS from TX |
| 12 | December 28, 2012 | Letter from defendant **MIKAL C. WATTS** | SL in Ocean Springs, MS from TX |
| 13 | December 28, 2012 | Letter from defendant **MIKAL C. WATTS** | SNTL in Ocean Springs, MS from TX |
| 14 | December 28, 2012 | Letter from defendant **MIKAL C. WATTS** | TL in Ocean Springs, MS from TX |
| 15 | December 28, 2012 | Letter from defendant **MIKAL C. WATTS** | TTL in Ocean Springs, MS from TX |
| 16 | January 7, 2013 | Letter from defendant **MIKAL C. WATTS** | DN in Ocean Springs, MS from TX |

All in violation of Section 1341, Title 18, United States Code.

COUNTS 17-21

1.  Paragraphs 1 through 57 from the "at all times relevant to this indictment" are hereby realleged, restated, and incorporated herein by reference.

2.  Beginning on or about April 20, 2010 and continuing through on or about the date of this Indictment, in Harrison County in the Southern Division and Hinds County in the Northern

Page 49 of 59

Division of the Southern District of Mississippi, and elsewhere, the defendants, **MIKAL C. WATTS, DAVID WATTS, WYNTER LEE, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE, and THI HOANG NGUYEN a/k/a ABBIE NGUYEN,** intentionally devised and carried out, and attempted to devise and carry out, a scheme to defraud BP, the Gulf Coast Claims Facility (GCCF), Victims 1 through 41, and others to obtain money and property by means of materially false and fraudulent representations, pretenses and promises, and in furtherance thereof did cause to be transmitted in interstate commerce certain wire communications for the purpose of executing the scheme.

3. To accomplish his fraudulent purposes, the defendants, **MIKAL C. WATTS, DAVID WATTS, WYNTER LEE, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE, and THI HOAUG NGUYEN a/k/a ABBEY NGUYEN,** engaged in and caused various acts, transactions, and deceptions to occur which were designed to and which enabled defendant **MIKAL C. WATTS** to, among other things, gain admission on the Plaintiffs' Steering Committee in MDL 2179 and corruptly inflate the settlement amount with BP in an attempt to enrich himself and others.

4. It was part of the scheme and artifice to defraud that the defendants, without contacting the individuals, would obtain names, addresses, telephone numbers, dates of birth, and social security numbers of individuals from any source available to create "clients" for anticipated litigation as a result of the Deepwater Horizon Oil Spill.

5.  It was a part of the scheme and artifice to defraud that the defendants would submit names of individuals, in excess of 40,000, as claimants or plaintiffs represented by the Watts, Guerra and Craft law firm in San Antonio, Texas, hereafter WGC, and defendant **MIKAL C. WATTS** in relation to the litigation relating to the Deepwater Horizon/BP oil spill which occurred on April 20, 2010, knowing that the individuals had not consented to be represented by the firm, and/or that stolen and false social security numbers, dates of birth, addresses, and occupations were claimed.

6.  It was further part of the scheme and artifice to defraud that defendant **MIKAL C. WATTS** would pay defendants **GREGORY P. WARREN a/k/a GREG WARREN and THI HOUNG LE a/k/a KRISTY LE,** through an attorney in Jackson, MS, in excess of $10 million to obtain names and personal identifiers for persons to be used as clients in litigation against BP and others relating to the Deepwater Horizon Oil Spill.

7.  It was further part of the scheme and artifice to defraud that the defendants would submit claims, by way of a "Presentment Form" claiming a specified amount of "Costs and Damage(s)" for each of the purported 40,000 plus people that defendant **MIKAL C. WATTS** claimed to represent.

8.  On or about the dates set forth below, within the Southern District of Mississippi, and elsewhere, defendants **MIKAL C. WATTS, DAVID WATTS, WYNTER LEE, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE, and THI HOANG NGUYEN a/k/a ABBIE NGUYEN,** for the purpose of carrying out his scheme to defraud and attempting to do so, knowingly caused to be transmitted in interstate commerce, certain wire communications, that is certain writings, each item

constituting a separate count herein as follows:

| COUNT | DATE | ITEM WIRED | FROM/TO |
|---|---|---|---|
| 17 | November 4, 2010 | Email re: BP Packet Group | Texas to Gulfport, MS |
| 18 | November 9, 2010 | $500,000.00 wire transfer | Texas to Jackson, MS |
| 19 | November 15, 2010 | $498,988.00 wire transfer | Jackson, MS to Louisiana |
| 20 | December 3, 2010 | $250,000.00 wire transfer | Texas to Jackson, MS |
| 21 | December 6, 2010 | $748,973.00 wire transfer | Jackson, MS to Louisiana |

All in violation of Section 1343, Title 18, United States Code.


COUNTS 22-73

1. Paragraphs 1 through 57 from the "at all times relevant to this indictment" are hereby realleged, restated, and incorporated herein by reference.

2. On or about the dates set forth below, beginning in Harrison County in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants **MIKAL C. WATTS, DAVID WATTS, WYNTER LEE, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE, and THI HOAUG NGUYEN a/k/a ABBEY NGUYEN,** aided and abetted by one another and others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet,

**Page 52 of 59**

any unlawful activity that constitutes a violation of federal law, that is Mail and Wire Fraud, as

follows:

| COUNT | DATE | VICTIM | PII |
|:---:|:---:|:---:|:---:|
| 22 | November 18, 2010 | #2 | Name and Social Security Number |
| 23 | November 18, 2010 | #5 | Name and Social Security Number |
| 24 | November 18, 2010 | #6 | Name and Social Security Number |
| 25 | November 18, 2010 | #11 | Name and Social Security Number |
| 26 | November 18, 2010 | #12 | Name and Social Security Number |
| 27 | November 18, 2010 | #14 | Name and Social Security Number |
| 28 | November 18, 2010 | #15 | Name and Social Security Number |
| 29 | November 18, 2010 | #18 | Name and Social Security Number |
| 30 | November 18, 2010 | #22 | Name and Social Security Number |
| 31 | November 18, 2010 | #23 | Name and Social Security Number |
| 32 | November 18, 2010 | #27 | Name and Social Security Number |
| 33 | November 18, 2010 | #32 | Name and Social Security Number |
| 34 | November 18, 2010 | #33 | Name and Social Security Number |

| COUNT | DATE | VICTIM | PII |
|-------|------|--------|-----|
| 35 | November 18, 2010 | #34 | Name and Social Security Number |
| 36 | November 18, 2010 | #35 | Name and Social Security Number |
| 37 | November 18, 2010 | #36 | Name and Social Security Number |
| 38 | November 18, 2010 | #37 | Name and Social Security Number |
| 39 | November 18, 2010 | #38 | Social Security Number |
| 40 | November 18, 2010 | #41 | Name and Social Security Number |
| 41 | January 6, 2011 | #13 | Name and Social Security Number |
| 42 | January 6, 2011 | #24 | Name and Social Security Number |
| 43 | January 6, 2011 | #25 | Name and Social Security Number |
| 44 | January 6, 2011 | #26 | Name and Social Security Number |
| 45 | January 6, 2011 | #29 | Name and Social Security Number |
| 46 | January 6, 2011 | #30 | Name and Social Security Number |
| 47 | January 6, 2011 | #31 | Name and Social Security Number |
| 48 | January 6, 2011 | #39 | Name and Social Security Number |

| COUNT | DATE | VICTIM | PII |
|:---:|:---:|:---:|:---:|
| 49 | January 16, 2013 | #2 | Name, Social Security Number and date of birth |
| 50 | January 16, 2013 | #5 | Name and Social Security Number |
| 51 | January 16, 2013 | #6 | Name and Social Security Number |
| 52 | January 16, 2013 | #11 | Name and Social Security Number |
| 53 | January 16, 2013 | #13 | Name, Social Security Number and date of birth |
| 54 | January 16, 2013 | #14 | Name and Social Security Number |
| 55 | January 16, 2013 | #15 | Name and Social Security Number |
| 56 | January 16, 2013 | #22 | Name, Social Security Number and date of birth |
| 57 | January 16, 2013 | #23 | Name and Social Security Number |
| 58 | January 16, 2013 | #24 | Name, Social Security Number and date of birth |
| 59 | January 16, 2013 | #25 | Name and Social Security Number |
| 60 | January 16, 2013 | #26 | Name, Social Security Number, and date of birth |

| COUNT | DATE | VICTIM | PII |
|-------|------|--------|-----|
| 61 | January 16, 2013 | #27 | Name and Social Security Number |
| 62 | January 16, 2013 | #29 | Name, Social Security Number and date of birth |
| 63 | January 16, 2013 | #30 | Name, Social Security Number and date of birth |
| 64 | January 16, 2013 | #31 | Name, Social Security Number and date of birth |
| 65 | January 16, 2013 | #32 | Name, Social Security Number and date of birth |
| 66 | January 16, 2013 | #33 | Name and Social Security Number |
| 67 | January 16, 2013 | #34 | Name and Social Security Number |
| 68 | January 16, 2013 | #35 | Name, Social Security Number and date of birth |
| 69 | January 16, 2013 | #36 | Name and Social Security Number |
| 70 | January 16, 2013 | #37 | Name and Social Security Number |
| 71 | January 16, 2013 | #38 | Social Security Number |
| 72 | January 16, 2013 | #39 | Name, Social Security Number and date of birth |

| COUNT | DATE | VICTIM | PII |
|---|---|---|---|
| 73 | January 16, 2013 | #41 | Name and Social Security Number |

All in violation of Sections 1028(a)(7) and 2, Title 18, United States Code.

COUNTS 74-95

1.  Paragraphs 1 through 57 from the "at all times relevant to this indictment" are hereby realleged, restated, and incorporated herein by reference.

2.  On or about the dates set forth below, beginning in Harrison County in the Southern District of Mississippi, and elsewhere, the defendants, **MIKAL C. WATTS, DAVID WATTS, WYNTER LEE, GREGORY P. WARREN a/k/a GREG WARREN, HECTOR ELOY GUERRA, THI HOUNG LE a/k/a KRISTY LE, and THI HOAUG NGUYEN a/k/a ABBEY NGUYEN,** aided and abetted by one another and others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name, social security number, and date of birth during and in relation to the crimes of mail fraud and wire fraud, as follows:

| COUNT | DATE | VICTIM | PII |
|---|---|---|---|
| 74 | January 16, 2013 | #5 | Name and Social Security Number |
| 75 | January 16, 2013 | #6 | Name and Social Security Number |
| 76 | January 16, 2013 | #11 | Name and Social Security Number |

| COUNT | DATE | VICTIM | PII |
|---|---|---|---|
| 77 | January 16, 2013 | #14 | Name and Social Security Number |
| 78 | January 16, 2013 | #22 | Name, Social Security Number and date of birth |
| 79 | January 16, 2013 | #23 | Name and Social Security Number |
| 80 | January 16, 2013 | #24 | Name, Social Security Number and date of birth |
| 81 | January 16, 2013 | #25 | Name and Social Security Number |
| 82 | January 16, 2013 | #26 | Name, Social Security Number and date of birth |
| 83 | January 16, 2013 | #27 | Name and Social Security Number |
| 84 | January 16, 2013 | #29 | Name, Social Security Number and date of birth |
| 85 | January 16, 2013 | #30 | Name, Social Security Number and date of birth |
| 86 | January 16, 2013 | #31 | Name, Social Security Number and date of birth |
| 87 | January 16, 2013 | #32 | Name, Social Security Number and date of birth |
| 88 | January 16, 2013 | #33 | Name and Social Security Number |

| COUNT | DATE | VICTIM | PII |
|---|---|---|---|
| 89 | January 16, 2013 | #34 | Name and Social Security Number |
| 90 | January 16, 2013 | #35 | Name, Social Security Number and date of birth |
| 91 | January 16, 2013 | #36 | Name and Social Security Number |
| 92 | January 16, 2013 | #37 | Name and Social Security Number |
| 93 | January 16, 2013 | #38 | Social Security Number |
| 94 | January 16, 2013 | #39 | Name, Social Security Number and date of birth |
| 95 | January 16, 2013 | #41 | Name and Social Security Number |

All in violation of Sections 1028A and 2, Title 18, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the ___15th___ day of September, 2015.

UNITED STATES MAGISTRATE JUDGE