IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:15CR65-LG-RHW

MIKAL C. WATTS, ET AL.

## ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO COMPEL PRODUCTION

BEFORE THE COURT is the [192] Objection to Magistrate Judge's Order Denying Defense's Motion to Compel Production filed by Defendant Gregory P. Warren pursuant to Federal Rule of Criminal Procedure 59. When a magistrate judge decides a non-dispositive pretrial matter, such as a motion to compel, "[a] party may serve and file objections to the order within 14 days after being served with a copy of a written order . . . ." Fed. R. Crim. P. 59. "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*

The Court has reviewed the Magistrate Judge's [191] Order and the record in this matter and finds that the Magistrate Judge's Order is not contrary to law or clearly erroneous. Accordingly, the Court will overrule Defendant Warren's objection.

### BACKGROUND

This criminal action arises out of allegations of fraud in connection with the claims process related to the BP Deepwater Horizon Oil Spill. The Government

1

alleges that Defendant Mikal Watts aided by other Defendants, including Defendant Warren, engaged in a fraudulent scheme "to personally enrich or attempt to enrich themselves." (Indictment 16, ECF No. 4).

Specifically, the Government states that as part of a conspiracy, "the defendants, without contacting the individuals, would obtain names, addresses, dates of birth, and social security numbers of individuals from any source available to create 'clients' for anticipated litigation as a result of the" Oil Spill. (*Id.* at 15). It further states that "the defendants would submit names of individuals, in excess of 40,000, as plaintiffs represented by" Mikal Watts in relation to litigation stemming from the Oil Spill, and ultimately, the multi-district federal case that resulted from the Oil Spill. (*Id.*).

On March 7, 2016, Defendant Warren moved to compel the production of any grand jury materials that led to his indictment. (*See* Mot. To Compel, ECF No. 181). Warren has stated that "the reason for the request is to prevent a possible injustice from occurring by allowing the Government to grant a suspect immunity to compel his statements, and then use those statements against him to secure an indictment." (*See* Reply to Gov't Resp. To Mot. To Compel 1, ECF No. 190). He attached his proffer letter with the Government to his Motion. (*See* ECF No. 181-1).

The Government filed a [187] Response to the Motion, and Warren filed a [190] Reply. The Government represented to the Court that it did not use any of the proffer statements before the grand jury to obtain the indictment. Even so, Warren replied that he is entitled to the grand jury materials to see if the

Government violated his proffer letter. On April 8, 2016, Magistrate Judge Robert H. Walker entered an [191] Order Denying Motion to Compel on the grounds that the proffer letter did not prohibit the Government from using Warren's statements before the grand jury. Defendant Warren thereafter filed the pending Objection to the Magistrate Judge's Order.

## DISCUSSION

The Court agrees with the Magistrate Judge that, regardless of whether the Government used the statements, it was not prohibited from doing so. As a result, Warren has not shown a particularized need for the grand jury materials, and the Magistrate Judge did not err in denying the Motion to Compel. *See, e.g.*, *Shields v. Twiss*, 389 F.3d 142, 147 (5th Cir. 2004) (under federal law, "a general rule of secrecy shrouds the proceedings of grand juries" and a party may obtain grand jury material only by demonstrating a "'particularized need' for the material").

In particular, the issue before both the Magistrate Judge and this Court is interpretation of the language in Warren's proffer agreement with the Government. Warren and the Government agreed that

> no statements or information provided by your client during the proffer will be used against your client in any criminal case during the government's case in chief. That is, however, the only limitation on the use the government may make of your client's statements.

(*See* ECF No. 181-1). The Magistrate Judge found that based on the plain language of the agreement, and specifically the term "case in chief," that the agreement was "limited to trials and does not contemplate grand jury proceedings." (Mag. J. Order

3

2, ECF No. 91). He went on that "[i]n other words, the limitations is restricted to Warren's criminal trial." (*Id.*).

Defendant Warren states that the Magistrate Judge was incorrect because the Fifth Circuit has held that language limiting the use of a proffer "in any criminal case" includes use before the grand jury. In support, he cites *United States v. Cantu*, 185 F.3d 298 (5th Cir. 1999). The Magistrate Judge distinguished *Cantu* in its Order, and this Court agrees. *Cantu* interpreted an agreement where the Government agreed not to use statements "in any criminal case;" it did not decide the issue before the Magistrate Judge and this Court of whether a limitation to "in any criminal case **during the case in chief**" encompassed grand jury proceedings. With respect to the issue actually before it, the Court agrees with both the Magistrate Judge and other courts that it does not. *See, e.g.*, *United States v. Bard*, No. 1:12-cr-181, 2013 WL 1882984, at *2 (M.D. Pa. May 6, 2013); *see also In re Grand Jury Subpoena to Janan*, 325 F. App'x 551, 552 (9th Cir. 2009).

Warren also argues that because the agreement did not contain the words "at trial," it includes grand jury materials. He states that "[t]he Government presents a case-in-chief to a Grand Jury, just like they present a case-in-chief at trial." (*See* Obj. 3, ECF No. 192). However, as recognized by the Magistrate Judge, the plain language definition of "case-in-chief" refers to "[t]he evidence presented **at trial** by a party between the time the party calls the first witness and the time the party rests" or "[t]he part of **a trial** in which a party presents evidence to support

4

the claim or defense." (*See* Mag. J. Order 2, ECF No. 191) (citing *Black's Law Dictionary* (8th ed. 2004)) (emphasis added). The words "at trial" would have been superfluous.

Because the Court is of the opinion that the Magistrate Judge's [191] Order was neither clearly erroneous nor contrary to law,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [192] Objection to Order Denying Defense's Motion to Compel Production filed by Defendant Gregory P. Warren pursuant to Federal Rule of Criminal Procedure 59 is **OVERRULED**.

**SO ORDERED AND ADJUDGED** this the 15th day of April, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE